**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VOLOGY, INC., a Florida Profit
Corporation,

                                                  CASE NO.: 8:18-cv-2303-T-33CPT

        Plaintiff,
v.

BRYAN ROARK, an individual,
and PRESIDIO NETWORKED SOLUTIONS, LLC,
A Florida Limited Liability Company,

        Defendants.
_____/

## STIPULATED PERMANENT INJUNCTION

**AND NOW**, the parties in the above-styled cause of action, having litigated the dispute and having ultimately reached a negotiated settlement of all claims, have agreed and stipulated to the Court's entry of the following permanent injunction against the Defendant Bryan Roark ("Roark"), and in favor of the Plaintiff Vology, Inc. ("Vology"), as follows:

    1.    Vology alleges that its rights with respect to its customer goodwill, competitive interests, contract with Defendant Bryan Roark ("Roark" or "Defendant") and its, proprietary and confidential information, are being and will continue to be violated by Defendant unless he is restrained there from;

    2.    Vology alleges that Plaintiff will suffer irreparable harm and loss if Defendant is permitted to: (a) have contact with certain Vology clients with whom he worked on behalf of Vology, to sever their relationships with Vology and/or do business with a competitor; and (b) convert Plaintiff's confidential information and other property to Defendant's own personal use and benefit, and to the benefit of a competitor of Vology;

3. Vology alleges that it has no adequate remedy at law;

4. Vology alleges that greater injury will be inflicted upon it by the denial of injunctive relief than would be inflicted upon the Defendant by the granting of such relief, and the public interest will be served by the issuance of injunctive relief;

5. The Parties have reached an agreement to enter into a stipulated permanent injunction, the terms of which are set forth below.

Accordingly, it is hereby

**ORDERED, ADJUDGED, and DECREED that:**

1. Defendant Roark is hereby enjoined, directly or indirectly, from:

    (a) soliciting business for new and used computer parts and services for same, networking services, installation, maintenance, repair, replacement and upkeep of computer networks or networking systems from the specific Vology customers or prospective customers with whom Roark worked, sold to or solicited on behalf of Vology that are identified on Exhibit "A" to this Stipulated Injunction and which has been filed under seal, until June 23, 2020, within the geographic territory in which Roark worked while employed at Vology;

    (b) providing the names or other identifying information for those customers or prospective customers identified on Exhibit "A" to co-defendant Presidio Networking Solutions, LLC ("Presidio") or to anyone at Presidio, or to any agent or representative of Presidio, or to any other person or entity, until June 23, 2020;

    (c) marketing, producing, selling, delivering, or providing any product, process or service which resembles or competes with a product, process or service with which Defendant was involved in any capacity while employed by Vology, to any customer or prospective customer of Vology with whom Roark worked, solicited, called upon or sold to while

employed at Vology that are identified on Exhibit "A", until June 23, 2020, within the geographic territory Roark worked on behalf of Vology, **except that Roark is permitted during this prohibition period to work as a sales representative on behalf of Presidio**;

    (d) hiring, recruiting, soliciting, or encouraging any employee or independent contractor of Vology to leave the employ of Vology or to accept employment elsewhere until June 23, 2020;

    (e) disclosing or using any confidential information relating to Vology's business, clients or employees; and

    2. Defendant Roark, and anyone acting in concert or participation with Roark, including Roark's counsel, are further ordered to return to Plaintiff's counsel any and all Vology records or information pertaining to Vology's clients or its business which were obtained by Defendant as a result of his employment with Vology, including during Defendant's employment with Vology's predecessor, Bayshore Technologies, whether in original, copied, handwritten or any other form, which have not already been returned, and to purge any such information from his possession, custody, or control which has not already been purged, within 24 hours of notice to Roark or his counsel of the terms of the Court's Order; provided, however, that any information in computerized or electronic form (including but not limited to personal computers, lap top computers, Blackberries, I-Pads or other tablets, I-Phones, Androids or other mobile smart phones and any other device in, or on, which data can be electronically stored) shall be provided by Roark to his counsel within 24 hours of notice to Roark or his counsel of the terms of the Court's Order, and Roark's counsel shall preserve the integrity of such devices and data and immediately make any and all such devices and data available for inspection and duplication by Vology's outside counsel and/or outside computer forensic consultants; provided further that any Presidio records

or information, including but not limited to, information pertaining to Presidio's customers, referral sources, employees, and/or business shall first be removed from all such devices and, to the extent any such Presidio information is inadvertently not removed from such devices, such Presidio information shall not be shared with or disclosed to Vology (other than to Vology's outside counsel and/or outside computer forensic consultants).

3. In the event Roark is found by a court of competent jurisdiction to have breached the terms of this Agreement or the underlying Confidentiality, Non-Competition and Non-Solicitation Agreement he executed with Vology, Presidio will terminate Roark's employment immediately if he does not voluntarily resign such employment;

4. Each party herein is to pay their own attorney's fees and costs for this action.

5. This Order shall remain in full force and effect for the duration set forth herein, or until such time as this Court specifically orders otherwise;

6. The Joint Motion for Entry of Stipulated, Permanent Injunction (Doc. # 28) is **GRANTED**;

7. Plaintiff Vology, Inc. and Defendant Bryan Roark's Unopposed Motion to Seal (Doc. # 29) is **GRANTED**. Vology shall submit the sealed document -- Exhibit A -- to the Court's chambers. The Court will then direct the Clerk to file Exhibit A as a separate, sealed document;

8. All hearings and deadlines, including the November 16, 2018, preliminary injunction hearing, are cancelled.

9. The Clerk shall **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 31st day of October, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE